**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MATTHEW SMITH, | : | CIVIL NO. **1:05-CV-2232** |
| | : | |
| Petitioner | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| DAVID DIGUGLIELMO, | : | |
| DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF CUMBERLAND, and | : | |
| ATTORNEY GENERAL OF THE STATE | : | |
| OF PENNSYLVANIA, | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

I.  Background and Procedural History.

   The petitioner, Matthew Smith, was convicted of Robbery in the Court of Common Pleas of Beaver County, and on October 26, 1988, he was sentenced to a term of imprisonment of three to ten years. *Doc. 13* at ¶1.  The petitioner was subsequently convicted of riot in the Court of Common Pleas of Cumberland County, and on February 5, 1991, he was sentenced to a term of imprisonment of nine months to two years. *Id.* at ¶2.  The petitioner's Cumberland County sentence was ordered to run consecutive to his earlier Beaver County sentence. *Id.* at ¶3.

The Pennsylvania Department of Corrections aggregated the petitioner's Beaver County and Cumberland County sentences. *Id.* at ¶4.

On June 19, 1992, the Pennsylvania Board of Probation and Parole (Board) paroled the petitioner. *Id.* at ¶6.

On May 6, 1998, the petitioner was arrested by the Aliquippa Police Department and charged with simple assault, aggravated assault, recklessly endangering another person, unlawful restraint, carrying a firearm without a license, criminal conspiracy and robbery. *Id.* at ¶7.  On May 8, 1998, the Board lodged a detainer against the petitioner based on his arrest. *Id.* at ¶8.  On November 24, 1998, the Board recommitted the petitioner to prison as a technical parole violator to serve 18 months backtime for violating a condition of his parole prohibiting assaultive behavior. *Id.* at ¶12.  The assaultive behavior at issue occurred on May 18, 1998 when Board agents transported the petitioner from the Beaver County Jail to the State Correctional Institution at Pittsburgh. *Id.* at ¶¶9-10.

On May 24, 1999, the petitioner was convicted in the Beaver County Court of Common Pleas of aggravated assault, simple assault, recklessly endangering another person, unlawful restraint, carrying a firearm without a license, criminal conspiracy and robbery. *Id.* at ¶13.  On June 7, 1999, the petitioner was sentenced to ten to twenty-two years imprisonment on those convictions. *Id.* at ¶14.

On October 5, 1999, the Board held a parole revocation hearing, and by a decision dated January 10, 2000, the Board recommitted the petitioner as a convicted parole violator to serve 36 months of backtime based on his May 24, 1999 Beaver County convictions. *Id.* at ¶¶15-16.  Because the petitioner was convicted of new criminal charges while on parole, the Board determined that the petitioner forfeited the six years, eleven months and eighteen days he was at liberty on parole. *Id.* at ¶17.  The Board recalculated the petitioner's maximum sentence expiration date on his aggregate 1988 Beaver County and 1991 Cumberland County sentence to be October 10, 2005. *Id.* at ¶18.

On September 13, 2005, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the

United States District Court for the Eastern District of Pennsylvania.  On September 14, 2005, the petitioner filed another 28 U.S.C. § 2254 petition in the United States District Court for the Eastern District of Pennsylvania.  In his September 13, 2005 petition, the petitioner claimed that he remains imprisoned on the 1991 sentence imposed by the Court of Common Pleas of Cumberland County even though that sentence has expired.  In his September 14, 2005 petition, the petitioner claimed that he remains imprisoned on the 1988 sentence imposed by the Court of Common Pleas of Beaver County even though that sentence has expired.  In separate orders filed on September 21, 2005, Judge Robreno ordered that the petition relating to the Beaver County sentence be transferred to the United States District Court for the Western District of Pennsylvania and that the petition relating to the Cumberland County sentence be transferred to this court.

   In this case, the petitioner claims that his present incarceration on the 1991 Cumberland County sentence is in violation of double jeopardy, due process and equal protection principles because his sentence has expired.

4

Although Judge Robreno's order transferring the petition relating to the Cumberland County sentence was filed on September 21, 2005, the Clerk of Court for this court did not receive the file in this case until October 31, 2005. Thereafter, the petitioner was given the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and elected to proceed with his petition.

By an Order dated December 15, 2005, the respondents were ordered to respond to the petition on or before January 5, 2006. After requesting and receiving an extension of time to respond, on January 17, 2005, the respondents filed a motion to dismiss the petition as a second or successive petition.  They also filed a request for an order staying their duty to respond to the petition until the court renders a decision on their motion to dismiss.  On January 20, 2005, the respondents filed a brief in support of their motion to dismiss.  On February 1, 2006, the petitioner filed a response to the motion to dismiss.

By an order filed on March 13, 2006, we implicitly denied the respondents' application for a stay and ordered the respondents to respond, on or before March 28, 2006, to the

petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  On March 28, 2006, the respondents filed an answer to the petition and a brief in support of their answer.  The respondents contend that the petition should be dismissed as moot.  The respondents also argue that the petitioner has procedurally defaulted his claims by failing to present his claims to the state courts.  The respondents further contend that the petition should be denied on the merits.  On April 13, 2006, the petitioner filed a reply.

    II.  Respondents' Motion to Dismiss.

The respondents contend that the petition in this case is a second or successive petition and that it should be dismissed pursuant to 28 U.S.C. § 2244(b).

    28 U.S.C. § 2244(b) provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was

```
not presented in a prior application shall be
dismissed unless–
      (A) the applicant shows that the claim relies on
a new rule of constitutional law, made retroactive to
cases on collateral review by the Supreme Court, that
was previously unavailable;  or
      (B)(I) the factual predicate for the claim could
not have been discovered previously through the
exercise of due diligence; and
      (ii) the facts underlying the claim, if proven
and viewed in light of the evidence as a whole, would
be sufficient to establish by clear and convincing
evidence that, but for constitutional error, no
reasonable factfinder would have found the applicant
guilty of the underlying offense.

      (3)(A) Before a second or successive application
permitted by this section is filed in the district
court, the applicant shall move in the appropriate
court of appeals for an order authorizing the district
court to consider the application.
      (B) A motion in the court of appeals for an order
authorizing the district court to consider a second or
successive application shall be determined by a
three-judge panel of the court of appeals.
      (C) The court of appeals may authorize the filing
of a second or successive application only if it
determines that the application makes a prima facie
showing that the application satisfies the
requirements of this subsection.
      (D) The court of appeals shall grant or deny the
authorization to file a second or successive
application not later than 30 days after the filing of
the motion.
      (E) The grant or denial of an authorization by a
court of appeals to file a second or successive
application shall not be appealable and shall not be
the subject of a petition for rehearing or for a writ
of certiorari.

      (4) A district court shall dismiss any claim
presented in a second or successive application that
the court of appeals has authorized to be filed unless
```

>    the applicant shows that the claim satisfies the
>    requirements of this section.

In a Report and Recommendation dated November 29, 2005, Magistrate Judge Mitchell considered the petition that had been transferred to the Western District of Pennsylvania. *Smith v. Diguglielmo,* 2:05-CV-01513, slip report and recommendation (W.D.Pa. Nov. 29, 2005). Magistrate Judge Mitchell concluded that the petitioner is not entitled to habeas relief since he is no longer in custody on the sentence about which he complains. *Id. at 4.* Magistrate Judge Mitchell also concluded that the petitioner had not exhausted state remedies. *Id. at 6.* "[F]or either reason or both," Magistrate Judge Mitchell recommended that the petition in that case be dismissed. *Id.* By an Order dated December 20, 2005, Judge Lancaster adopted Magistrate Judge Mitchell's report and recommendation and dismissed the petition. The petitioner has appealed that dismissal to the United States Court of Appeals for the Third Circuit.

The respondents in this case contend that the instant petition should be dismissed pursuant to 28 U.S.C. § 2244(b)(1) because the claim in this case is the same as the claim that was

8

presented in the case in the Western District. The respondents also contend that even if the claim in this case is not the same as the claim that was presented to the United States District Court for the Western District of Pennsylvania, the petition should be dismissed for the reason that the petitioner must as a prerequisite seek and obtain leave from the Court of Appeals to file a second or successive petition pursuant to 28 U.S.C. § 2241(b)(3). Additionally, the respondents contend that notwithstanding § 2244(b), the instant petition should be dismissed or stayed pursuant to the doctrine of *lis pendens*; i.e., because the Western District case is still pending a final resolution.

We conclude that claim raised in the instant petition is not the same as the claim that was raised in the Western District case. Although the Department of Corrections aggregated the two sentences for administrative purposes, there nevertheless are two different sentences imposed by different courts, at different times, for different offenses. In this case, the petitioner is challenging his detention pursuant to his Cumberland County sentence whereas in the case in the Western District the petitioner challenged his detention

9

pursuant to his Beaver County sentence.  Since the petitions challenge detention under two different sentences, the claims in the two petitions are not the same and the instant petition is not a second or successive petition pursuant to 28 U.S.C. § 2244(b).  *See Beyer v. Litscher*, 306 F.3d 504, 507-508 (7th Cir. 2002)(holding that challenges to distinct judgments are not one claim for purposes of § 2244(b) and that a prisoner is entitled to one free-standing collateral attack per judgment rather than one attack per stretch of imprisonment).  *See also Rule 2(e) of Rules Governing Section 2254 Cases in the United States District Courts (*"A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.").

Because the claims in the two petitions challenge detention under different judgments of different state courts, there is no basis to dismiss the instant petition on the basis of 28 U.S.C. § 2244(b) or to dismiss or stay the instant petition because the Western District case is still pending.  It will be recommended that the respondents' motion to dismiss the petition be denied.

III.    Mootness.

On October 10, 2005, the petitioner completed serving the maximum sentence comprised of his aggregated 1988 Beaver County and 1991 Cumberland County sentences.  On October 11, 2005, the petitioner began serving his 1999 Beaver County sentence.

The respondents contend that because the petitioner has served the maximum of his aggregated 1988 Beaver County and 1991 Cumberland County sentence, the instant petition for a writ of habeas corpus is moot.

Article III of the Constitution provides that the judicial power of the United State shall extend to "cases" and "controversies." U.S. Constitution, art. III, §2; *Rosetti v. Shalala*, 12 F.3d 1216, 1223 (3d Cir. 1993).  Federal courts lack authority to decide moot cases.  *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964).  "[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472,

11

Case 1:05-cv-02232-SHR   Document 17   Filed 05/26/06   Page 12 of 14

477 (1990)). If events occur during litigation which eliminate the petitioner's personal stake in the outcome of the suit, the case must be dismissed as moot. *Rosetti*, *supra*, 12 F.3d at 1224.

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer, supra,* 523 U.S. at 7. "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - some "collateral consequence" of the conviction - must exist if the suit is to be maintained." *Id.*

When a petitioner challenges the legality of his conviction, it is presumed that the criminal conviction has continuing collateral consequences after the petitioner has been released from custody. *See Sibron v. New York,* 392 U.S. 40, 55-56 (1968).  However, when a petitioner is not challenging his conviction but rather challenges the legality of confinement on some other basis, continuing collateral consequences are not

12

presumed after the petitioner has been released from custody. *Spencer, supra,* 523 U.S. at 14. Thus, collateral consequences adequate to meet Article III's injury-in-fact requirement are not presumed to result from a revocation of parole. *Id.* Rather, the petitioner must demonstrate that he is in fact subject to continuing collateral consequence from his parole revocation even though he has been released from custody. *Id.*

In the instant case the petitioner is not challenging his underlying Cumberland County conviction. Rather, the petitioner is challenging how his Cumberland County sentence was executed. He is contending that his parole on that sentence was revoked after he had served the maximum term of that sentence. The petitioner was released on his aggregate sentence on October 10, 2005. Because the petitioner is not challenging his underlying conviction, collateral consequences are not presumed. The petitioner has not established that he is subject to continuing collateral consequences from his aggregate Cumberland County/Beaver County sentence which he completed on October 10, 2005. Accordingly, we conclude that the petition in this case is moot.

IV.  Recommendations.

Based on the foregoing, it is recommended that the respondents' motion (doc. 8) to dismiss be denied, that the petition be dismissed as moot, and that the case file be closed.

> */s/ J. Andrew Smyser*
> J. Andrew Smyser
> Magistrate Judge

Dated:  May 26, 2006.