IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATTHEW SMITH,** | CIVIL NO. 1:CV-05-2232 |
| Petitioner | (Judge Rambo) |
| | (Magistrate Judge Smyser) |
| v. | |
| **DAVID DIGUGLIELMO,** District Attorney of the County of Cumberland; and **ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | |
| Respondents | |

## MEMORANDUM AND ORDER

Before the court is a report of the magistrate judge to whom this matter was referred in which he recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the report and recommendation. Respondents did not respond to the objections.

In October 26, 1988, Petitioner was sentenced in Beaver County, Pennsylvania, to a term of imprisonment of three to ten years. He was subsequently sentenced in Cumberland County, Pennsylvania, to a term of imprisonment of 9 months to two years, to run consecutively to the 1988 Beaver County sentence. The Pennsylvania Department of Corrections, pursuant to 42 Pa. Cons. Stat. Ann. § 9757, aggregated the two sentences so that the combined sentence became three years, two months to twelve years. On June 7, 1999, Petitioner was sentenced to another term of incarceration of ten to twenty-two years.

The Parole Board ("the Board")recommitted Petitioner as a convicted parole violator as a result of the 1998 Beaver County conviction to serve thirty-six months backtime. Because Petitioner was convicted of new criminal charges while on parole, the Board forfeited the six years, eleven months and eighteen days he was at liberty on parole. The Board then recalculated his maximum parole date on his

aggregated 1988 Beaver County sentence and his 1991 Cumberland County sentence to be October 10, 2005.

Petitioner claims that this new parole date is in violation of double jeopardy, due process and equal protection principles because his Cumberland County sentence expired long before October 10, 2005.

The magistrate judge, in recommending dismissal of the suit, did so on the basis that the action is moot. In *Spencer v. Kenna*, 523 U.S. 1 (1998), the Court held that "once the convicts sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be sustained." *Id.* at 7. The petitioner must demonstrate that he is in fact subject to continuing collateral consequence from his parole revocation even though he has been released from custody. *Id.* at 14.

The magistrate judge found that Petitioner was not challenging his underlying Cumberland County conviction but is challenging how his Cumberland County sentence was executed. Since Petitioner is no longer serving that sentence, he has not established that he is subject to continuing collateral consequences and therefore his case is moot. (*See Spencer, supra*.)

Petitioner has filed objections to this finding. He alleges that since his term of incarceration under the Cumberland County case was nine months to two years, his Cumberland County sentence expired long before October 10, 2005, and he should have been serving his 1999 Beaver County term long before October 10, 2005 and, therefore, he has suffered consequences. Petitioner fails to realize the significance of an aggregated sentence and the impact of backtime service and parole revocation on his parole date. Petitioner has not suffered consequences and, therefore, the recommendation of the magistrate judge is appropriate.

The undersigned judge also notes that Respondents are correct that in this action Petitioner has failed to exhaust state remedies.  28 U.S.C. § 2254(b)(1). Petitioner never challenged the Department of Corrections' aggregation of his Cumberland County consecutive sentence and never challenged the Board's recalculation of his parole violation maximum date subsequent to his recommitment as a convicted parole violator.

This action will be dismissed, however, on the basis of the magistrate judge's recommendation.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Smyser.

2) The petition for writ of habeas corpus is dismissed as moot.

3) The court declines to issue a certificate of appealability.

4) The clerk of court shall close the file.

                                                     s/Sylvia H. Rambo
                                                     SYLVIA H. RAMBO
                                                     United States District Judge

Dated:  June 30, 2006.